IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOHN LABEE                                                      PETITIONER
Reg #33179-034

VS.                          CASE NO.: 2:17-CV-26-BRW-BD

GENE BEASLEY, Warden,
Federal Correctional Institution-Low,
Forrest City, Arkansas                                          RESPONDENT

## RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

Judge Billy Roy Wilson.  Any party may file written objections with the Clerk of Court

within fourteen (14) days of filing this Recommendation.  Objections must be specific

and must include the factual or legal basis for the objection.  An objection to a factual

finding must identify the finding of fact believed to be wrong and describe the evidence

that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no

objections are filed, Judge Wilson can adopt this Recommendation without independently

reviewing the record.

II.   **Introduction**

Petitioner John Labee has filed a pro se petition for writ of habeas corpus (docket

entry #1) under 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") failed to

comply with the Second Chance Act when considering his placement in a Residential

Reentry Center ("RRC") or releasing him to home confinement.  Respondent, Warden

Gene Beasley, filed a Response to the petition.  (#4)  For the following reasons, the

petition should be DENIED and DISMISSED with prejudice.

### III.    Background

Mr. Labee is currently serving a 46-month term of imprisonment for aiding and

assisting in preparation of a false tax return, subscribing false statements on income tax

returns, and making false declarations before a Grand Jury.  (#4-1, p. 10)  His projected

release date is February 11, 2018.

Mr. Labee claims that the BOP violated the Second Chance Act by:

(1) recommending 91 to 120 days of RRC placement, instead of 6-months or more;

(2) failing to consider releasing Mr. Labee to home confinement; and

(3) recommending RRC placement in Louisiana instead of Austin, Texas.  (#1, pp. 4-6)

Mr. Labee requests that this Court order six months of RRC placement in Austin and

BOP consideration for home confinement.

The record shows that the BOP assessed Mr. Labee for RRC transfer and

recommended 91 to 120 days of RRC placement.  (#4-1, pp. 4-6, 8)  The BOP also began

the process of relocating Mr. Labeee's RRC placement and supervision to Austin.  (#4-1,

p. 10)

## IV.    Discussion

Mr. Labee contends the BOP violated 18 U.S.C. § 3621(b) and 18 U.S.C.

§ 3624(c), as amended by the Second Chance Act, when considering his placement in a

RRC.[1]  (#1)  Warden Beasley argues that Mr. Labee failed to exhaust his administrative

remedies, and that the BOP properly determined his prerelease RRC placement.  (#4)

Warden Beasley also states that officials at FCI-Forrest City have begun the process of

relocating Mr. Labee's supervision.  (#4, pp. 6-7; 4-1, p. 10)

### A.    Exhaustion of Administrative Remedies

Warden Beasley argues the petition should be dismissed because Mr. Labee failed

to submit the proper number of continuation pages when appealing the denial of his

administrative remedy request, thereby failing to exhaust his administrative remedies.

Mr. Labee states that he has an appeal pending, but filed the immediate action because he

only has eight months left before transfer.  (#1, p. 5)

Petitioners are generally required to exhaust available administrative remedies

before filing a petition under 28 U.S.C. § 2241.  See *United States v. Chappel*, 208 F.3d

1069 (8th Cir.2000).  Exhaustion, however, is not required if it would be futile.  *Thurman*

*v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D.Ark. Aug. 14,

2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

---

[1] The Second Chance Act extended the maximum amount of time that the BOP
may place an inmate in a RRC from 180 days to twelve months.  18 U.S.C. § 3624(c)(1).

Considering the time limitations involved with Mr. Labee's claim, starting the administrative remedy process over again at this point likely would be futile. Accordingly, a discussion on the merits is warranted.  See *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 128 S.Ct. 927 (2008) (a court may address the merits of a petition despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

### B.    Residential Reentry Center Placement and Home Confinement

The BOP is responsible for the placement and transfer of federal inmates under 18 U.S.C. § 3621.  When considering an inmate for prerelease transfer, the BOP must ensure the placement is: (1) conducted in a manner consistent with 18 U.S.C. § 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the inmate with the greatest likelihood of successful reintegration into the community.  18 U.S.C. § 3624(c)(6)(A)-(C).  When determining placement consistent with 18 U.S.C. § 3621(b), the BOP may consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement or recommendation by the sentencing court; and (5) any relevant Sentencing Commission policy statement.  18 U.S.C. § 3621(b)(1)-(5).

When determining RRC placement, the BOP is only required to consider the request "in good faith."  *Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) (quoting

*Fults v. Sanders*, 442 F.3d 1088, 1089 (8th Cir. 2006)).  The BOP retains broad discretion under 18 U.S.C. § 3621(b), and courts review the BOP's decisions for abuse of its "substantial discretion."  *Fegans v. United States*, 506 F.3d 1101, 1102-1105 (8th Cir. 2007).

Mr. Labee does not provide a reason for this Court to question the BOP's RRC placement assessment.  While the responses on Mr. Labee's RRC needs assessment form were brief, the BOP is not required to conduct a detailed RRC placement analysis. *Miller*, 527 F.3d at 758.  Mr. Labee has not established that the BOP failed to consider relevant statutory factors when denying his request for maximum RRC placement.  There is no evidence the BOP acted other than in good faith when considering Petitioner's RRC placement needs.

While Mr. Labee made an argument for maximum RRC placement, there is no indication that the BOP abused its discretion when determining that 91 to 120 days of RRC placement would be sufficient for him.  There is nothing in the applicable statutes or case law that entitles Mr. Labee to RRC placement for a specific period of time, much less for the maximum twelve months.  Warden Beasley was only required to individually consider Mr. Labee for RRC placement in a manner consistent with 18 U.S.C. § 3621(b). Although Mr. Labee was recommended for less than twelve months of RRC placement, it appears that the BOP's decision was based on its individual assessment consistent with the factors identified in 18 U.S.C. § 3621(b).

The BOP considers the same factors for both RRC placement and home confinement.  18 U.S.C. § 3624(c)(2).  As noted, the assessment was brief.  (#4-1, pp. 4-6)  But nothing in this record shows the BOP failed to conduct an individualized assessment or abused its substantial discretion when determining that RRC placement, instead of home confinement, would be appropriate for Mr. Labee.

### C.    Relocation

Mr. Labee has a three-year term of supervised release to serve after incarceration.  His original release plan involved supervision in Louisiana.  The BOP was able to investigate and verify the original release plan.  (#4-1, p. 8)  Mr. Labee later decided to live with his sister in Austin, Texas.  Several weeks after Mr. Labee filed this action, the BOP reached out to the United States Probation Office in Austin to confirm proper supervision upon release there.  (#4-1, p. 10)  It appears the verification and approval process for supervision in Austin is still a work in progress.

Mr. Labee failed to exhaust his administrative remedies regarding relocation in Austin.  Regardless, the record supports the BOP's assertion that they are working in good faith to accommodate his request.  Mr. Labee has failed to raise a plausible basis for habeas relief regarding his relocation claim.

### V.    Conclusion

Mr. Labee has not shown that the BOP abused its discretion or failed to properly consider his prerelease transfer needs.  Accordingly, Judge Wilson should DISMISS John Labee's Petition for Writ of Habeas Corpus (#1), with prejudice.

DATED this 22nd day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE